Fletcher, J.
It is required by the statute, that the issue in this case should be tried “ in like manner as if it had been joined in the original suit.” Rev. Sts. c. 99, § 8. The original plaintiff, therefore, to maintain the issue on his part, was required to prove that the- note in suit was signed by Good, the original defendant. To show this fact, the original plain *300 tiff offered the judgment recovered in the former suit as furnishing primd facie evidence of the fact. But the judge ralea that the judgment did not furnish such evidence, to which ruling exception was taken, and whether or not the exception can be sustained is the question now presented for consideration.
The fact of the execution of the note was not in issue, and was not tried in the former suit. The judgment in that • case was rendered on default. The inquiry in this review is, whether that judgment was right and just. The plaintiff in review alleges that the judgment was wrong and unjust, because he says that the note declared on, and upon which the judgment was rendered, was not his note, and was not made or executed by him. Whether he did or did not make the note, was the fact in issue and to be tried in this review, and the finding of that fact, the one way or the other, for or against the original defendant, would determine whether the judgment complained of was rightfully or wrongfully rendered. The note is the foundation on which the judgment rests, and the judgment can be sustained only by proof of the signature of the note. The note is the foundation, the judgment is the superstructure; to receive the judgment as primd facie evidence of the genuineness of the note would be reversing the just order of things, by relying on the superstructure to sustain the foundation. The note must be proved to support the judgment, and not the judgment used to support the note. If the note was signed by the original defendant, then the judgment was right, but to hold the judgment to be evidence of the signature would be to make the fact of the rendition of the judgment evidence that it was rightfully rendered. Whether the judgment was rightfully rendered, was the question, and that question must surely be determined by other evidence than merely the judgment itself.
Looking to the nature and objects of a review, and to the particular issue in this case, it is clear beyond doubt, that the ruling of the court below was correct, and that the exception must be overruled, and judgment be entered for the plaintiff in review to recover back the whole amount of the former *301 judgment against him with costs on that judgment and costs of the review, open to a motion to set off one judgment against the other, according to the statute.